FILED
United States Court of Appeals
Tenth Circuit

January 23, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

KEVIN LEROY LEES,

     Defendant-Appellant.

No. 12-6237

(D.C. Nos. 5:12-CV-00552-R and
5:11-CR-00026-R-1)
(W. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Kevin Lees, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Lees has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter. We also deny his request to proceed in forma pauperis on appeal.

I

On December 4, 2010, Oklahoma City police officers responded to a call in which the caller alleged that a man in a white Dodge pickup truck was pointing a firearm at

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

other drivers. Officers located and attempted to stop the suspect truck, but it sped away. Following a chase, the suspect truck stopped and the driver, later identified as Lees, got out of the truck carrying a shotgun. Although Lees initially refused officers' requests to drop his weapon, he ultimately relented and was arrested. Subsequent investigation revealed that Lees had three prior felony convictions.

On December 17, 2010, a complaint was filed against Lees in federal district court charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A federal grand jury subsequently indicted Lees on the same charge. On April 18, 2011, Lees appeared with his appointed counsel and entered a guilty plea to the single count alleged in the indictment.

Following the entry of Lees' guilty plea, the government filed a notice of intent to seek imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). In its notice, the government alleged that Lees had previously been convicted in Oklahoma state court of three violent felonies.

Lees, through newly retained counsel, filed a sentencing memorandum asserting that "[t]he major question [wa]s whether or not [Lees] [wa]s an Armed Career Criminal pursuant to 18 U.S.C. §924(e)," and arguing "that the United States ha[d] failed to show evidence to meet the requirements of §924(e)." Dist. Ct. Docket No. 43 at 1.

A sentencing hearing was held on December 9, 2011. The district court rejected Lees' arguments and sentenced Lees pursuant to the ACCA to a term of imprisonment of 180 months. Judgment was entered in the case that same day. Although Lees filed a

notice of appeal, he subsequently elected to withdraw his direct appeal.

On May 15, 2012, Lees filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Lees asserted two general issues in his motion. First, he asserted that he received ineffective assistance of trial counsel. Specifically, Lees asserted that his appointed counsel (a) permitted him to be sentenced as an armed career criminal, even though he did not qualify as such, (b) refused to file a motion suppress evidence, even though the arresting officers lacked probable cause to arrest him, (c) refused to investigate his actual innocence, even though he was in possession of the shotgun because he was "forced to take [it] away from two former convicts who threatened him with it," ROA, Vol. 1, at 24, (d) allowed the indictment to be amended without being returned to a grand jury, (e) refused to interview witnesses and investigate the facts of the alleged crime, and (f) failed to make any attempt at plea bargaining with the government. In his second issue, Lees asserted that prosecutorial misconduct during his sentencing hearing, specifically the knowing presentation of perjured testimony from one of the arresting officers, violated his due process rights.

On July 10, 2012, the district court issued an order denying Lees' motion. In doing so, the district court rejected each of Lees' ineffective assistance of counsel claims on the merits:

> • With respect to Lees' assertion that his appointed counsel failed to adequately challenge the applicability of the ACCA, the district court noted that Lees' appointed counsel "challenged the use of § 924(e) in responding to the presentence investigation report," id. at 58, and that Lees' retained counsel followed up on the issue "at sentencing," id. at 59. Relatedly, the

3

district court rejected Lees' assertion that his appointed counsel "conceded [his ACCA] status in his plea petition." Id.

• With respect to Lees' claim that his appointed counsel failed to file a motion to suppress evidence, the district court "conclude[d] that [the] officers had reasonable suspicion that criminal activity was afoot when they attempted to stop the vehicle [Lees] was driving," and that "[t]here was certainly probable cause to arrest [Lees] following the stop, given that he exited the vehicle and pointed a firearm at officers." Id. at 60. Consequently, the district court concluded that "the failure to file a motion to suppress did not fall below an objective standard of reasonableness and did not constitute deficient performance." Id.

• With respect to Lees' claim that his appointed counsel failed to investigate his claim that he was actually innocent, the district court concluded that, "[r]egardless of the reason for [Lees'] possession of the weapon, he was a felon who could not lawfully possess a firearm." Id. at 61. "Accordingly," the district court concluded, Lees' "contention that counsel should have believed that he was forced to assume possession of the firearm, even if true, was not ineffective assistance of counsel." Id.

• With respect to Lees' claim that his appointed counsel was ineffective because she permitted the government to amend the indictment without objection, the district court noted that "[t]he amendment deleted the word 'Browning' from the indictment, because Browning was the patent holder of the firearm but not its manufacturer." Id. In turn, the district court noted that it "permitted the amendment without resubmission to the grand jury because the correction was one of form, not substance," and it concluded that "[a]ny challenge by counsel to the amendment would have been futile . . . because the amendment was merely a matter of form." Id.

• As for Lees' claim that his appointed counsel "was constitutionally ineffective in failing to engage in plea bargaining," the district court found that Lees' appointed counsel "did seek an agreement . . . which would have prevented the United States from seeking a sentencing enhancement pursuant to . . . § 922(e) [sic]," but "[t]he government declined her request." Id. at 62. The district court further found that the government did agree with Lees' appointed counsel "to permit [Lees] to participate in a Rule 11 briefing in an effort to seek a reduction in his sentence." Id. Lastly, the district court concluded that Lees' reliance on "two . . . recent decisions of the United States Supreme Court," i.e., Missouri v. Frye, 132 S. Ct. 1399

4

(2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), was "entirely misplaced." Id. Specifically, the district court noted that Lees' appointed counsel neither failed to communicate a plea offer to Lees, as occurred in Frye, nor persuaded Lees to forego a plea offer from the government and proceed to trial, as occurred in Lafler.

The district court also rejected on the merits Lees' second claim, i.e., "that prosecutorial misconduct occurred during sentencing." Id. at 63. The district court found that Lees "present[ed] no evidence that the testimony" given at the sentencing hearing was false, and the district court concluded that "[t]he testimony in the sentencing transcript [wa]s consistent with the information in the affidavit of probable cause submitted . . . in support of the criminal complaint." Id. Lastly, the district court noted that its "decision to sentence [Lees] as an armed career criminal was based on [his] possession of the weapon, [and] not whether he pointed the weapon at" the testifying officer. Id.

On September 10, 2012, Lees filed a notice of appeal and a request for COA. The district court denied Lees' request for COA. Lees has now filed an application for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We conclude, after reviewing Lees' application for COA, his opening brief, and the record on appeal, that Lees has failed to make the necessary showing for issuance of a COA. As we have noted, the district court in this case provided a detailed analysis of each of Lees' claims. In doing so, the district court identified and applied the proper constitutional standards, and it persuasively explained why each of Lees' claims lacked merit. Although Lees disagrees with the district court's analysis and conclusions, we are firmly persuaded that reasonable jurists could not debate whether Lees' motion should have been resolved in a different manner, or that the issues asserted by Lees were adequate to deserve encouragement to proceed further.

The application for COA is DENIED and this matter is DISMISSED. Lees' motion to proceed in forma pauperis on appeal is DENIED.


Entered for the Court


Mary Beck Briscoe
Chief Judge


6